## SAMUEL KENNEDY *ads*. ISRAEL S. CHUMAR.

1. The proof exhibited to a judge or commissioner to obtain an order for an attachment under the supplement of 1855 must be proof of facts sufficient to establish some one of the particulars required to be proved by the first section. The mere belief or conclusions of the witness are not enough.

2. If an attachment be set aside as illegal, it will not be allowed to stand as a summons.

---

*E. W. Scudder* moved to set aside the attachment in this case for want of sufficient proof of the requisite facts.

*Kingman, contra.*

Kennedy ads. Chumar

The motion was argued before Justices ELMER and HAINES.

The opinion of the court was delivered by

ELMER, J. This was an attachment, issued out of this court by order of a commissioner. The proof presented, in addition to the oath of the plaintiff, consisted of the affidavit of a witness, who swore that the defendant was engaged in the manufacturing of saws, and that the plaintiff acted as his agent; that the deponent went to the establishment of defendant on Friday last, and conversed with him about his affairs, and surveyed his stock, &c.; that from his observation of said stock, &c., he was entirely satisfied, and believed that if the whole stock of saws, stock and tools in said establishment were to be sold at public sale, they would not produce sufficient to pay the claim of plaintiff; that from his knowledge of defendant and of his business, he believed that if plaintiff should commence an action against him by summons, that plaintiff would be in danger of losing his debt, in consequence of the intention of defendant, for the purpose of hindering plaintiff in the collection of his debt, to dispose of his property, and put the same beyond the reach of execution.

The first section of the supplement of 1855 to the attachment act, like the act respecting imprisonment for debt in cases of fraud, requires proof to be laid before the commissioner or judge of some one of the particulars required to justify an order for an attachment or for bail. It was settled in the case of *Kip* v. *Chamberlin, Spenc.* 656, that the witness must not swear to conclusions of law, but to facts; and that the facts must be such as, standing alone, might be left to a jury to establish the fraud. In the case of *Van Wagenen* v. *Coe,* 2 *Zab.* 531, it was held that if there was some evidence of fraud, the court would not set aside the order, and review the weight or credibility of the evidence. Since this last decision, the court

or judge has been expressly required to determine the sufficiency in fact, as well as in law, of the proof, (*Nix. Dig.* 42, §§ 67 and 647, § 203,) so that now whenever the judge is called on to set aside the order, it will be his duty to do so, unless the proof is not only such as might be left to a jury to establish the required particular, but such as satisfies his own mind. In cases of orders for bail, it is fraud that is to be established, which is never presumed ; and in cases of attachment the result of the order may be to put an end to the business of the defendant, and to produce a state of bankruptcy, injurious not only to him but to other creditors. It is not therefore surprising that the legislature has endeavored so carefully to guard this power from abuse ; and not only the courts, but the commissioners intrusted with its exercise, are bound to use the utmost caution, and to deny the order, or if granted to set it aside, in all cases where the proof fails satisfactorily to establish the requisite particulars, as required by the respective acts.

It is set forth, in the order signed by the commissioner in this case, that proof was made to his satisfaction, that if the plaintiff commenced his action by summons, he would be in danger of losing his debt in consequence of the failing circumstances of the defendant, and of his intention, for the purpose of hindering the plaintiff in the collection of his debt, to dispose of his property, and to remove it from this state.

Neither of these particulars is proved. It may be difficult precisely to define what is meant by "failing circumstances," and perhaps no general rule can be laid down, as each case must depend very much on the habits and usages of the place where the debtor resides and of the particular branch of business in which he is engaged. In the case of *Shone* v. *Egling*, 3 *Dowl. & Ry.* 218, it was held that a trader is in insolvent circumstances when he is not in a condition to pay his debts in the usual and ordinary course of trade and business, and other courts have adopted

a similar definition. 4 *Hill* 650; 4 *Cush.* 134; 3 *Gray* 600. The only fact sworn to by the witness is, that he surveyed the defendant's stock, &c., and from his observation he was satisfied that if the whole stock of saws and tools in his establishment were to be sold at public sale they would not produce sufficient to pay the claim of plaintiff. All this may be perfectly true, and yet the defendant may be entirely able and willing to pay his debts.

As to the alleged intention for the purpose of hindering the plaintiff in the collection of his debt, to dispose of his property, and to remove it from this state, there is nothing but the belief of the witness. He swears to no declarations nor acts which even tend to prove it.

As it appears by the sheriff's return that the writ was served as a summons, we are asked to make it a condition of setting it aside that the defendant appear, so that the action may proceed. But this is a peculiar writ, given only by the statute, and if illegal, either in its issue or service, we think it should be held for nothing. Let the writ be set aside, with costs.